Richard E. Mrazik, USB 10623
Grace S. Pusavat, USB 15713
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
RMrazik@parsonsbehle.com
GPusavat@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Plaintiff Thomas Brooks*

IN THE FIFTH JUDICIAL DISTRICT COURT

FOR THE COUNTY OF WASHINGTON, STATE OF UTAH

| | |
|---|---|
| THOMAS BROOKS,<br><br>          Plaintiff,<br><br>vs.<br><br>JACOB TAYLOR DOCKSTADER,<br><br>          Defendant. | **COMPLAINT**<br><br>Civil No. _____<br><br>Judge _____<br><br>Tier 3<br><br>JURY DEMANDED |

Plaintiff Thomas Brooks, by and through counsel, complains of Defendant Jacob Taylor Dockstader, demands a jury trial, and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff Thomas Brooks ("Mr. Brooks") is presently a resident of Woods Cross, Utah.

2.  Defendant Jacob Taylor Dockstader ("Mr. Dockstader") is presently and was at all relevant times a resident of St. George, Utah.

3. This Court has jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-102(1).

4. Venue is proper in this Court because Mr. Brooks's cause of action arose in Washington County, State of Utah.

**FACTS**

5. Plaintiff incorporates all foregoing paragraphs of this Complaint as if fully set forth herein.

6. On October 14, 2014, Mr. Brooks and Mr. Dockstader were both exercising at Desert Palms Health & Fitness Club located in St. George, Utah. .

7. Mr. Brooks and Mr. Dockstader exchanged words.

8. Mr. Brooks dropped a weight to the floor around the area of Mr. Dockstader's feet.

9. Mr. Dockstader then swung a dumbbell towards Mr. Brooks.

10. The dumbbell swung by Mr. Dockstader made contact with Mr. Brooks' head.

11. The impact of the dumbbell rendered Mr. Brooks unconscious, on the floor, bleeding from his head (the "Incident").

12. Mr. Brooks was transported to Dixie Regional Medical Center, where he underwent emergency surgery to address injuries to his head. He remained hospitalized for one week.

13. As a result of the Incident, Mr. Brooks has suffered a permanent traumatic brain injury and is permanently disabled.

4820-8840-2226 v5

## FIRST CAUSE OF ACTION
### (Negligence)

14. Plaintiff incorporates all foregoing paragraphs of this Complaint as if fully set forth herein.

15. At the time of the Incident, Mr. Dockstader was familiar with Mr. Brooks, as Mr. Brooks and Mr. Dockstader worked out at the same gym and had seen one another on multiple prior occasions.

16. Mr. Brooks is heavier, broader, and stronger than Mr. Dockstader.

17. Unbeknownst to Mr. Brooks, Mr. Dockstader had developed a fear of Mr. Brooks, and was subjectively intimidated by Mr. Brooks's size and intensity in the gym.

18. During the course of the exchange of words between Mr. Brooks and Mr. Dockstader on October 14, 2014, Mr. Brooks dropped one or more weights that he was holding to the ground.

19. One of the weights rolled in the direction of Mr. Dockstader, making contact with his foot.

20. Based upon his pre-existing perception and fear of Mr. Brooks, Mr. Dockstader misconstrued the weight dropped to the floor in his vicinity as an indication that Mr. Brooks's behavior was about to escalate, and that Mr. Brooks was about to become violent.

21. Based upon his subjective fear of Mr. Brooks and his perception that violence was imminent, Mr. Dockstader sought to deter and repel Mr. Brooks by swinging a weight in the general direction of Mr. Brooks.

22. Mr. Dockstader intended only to repel Mr. Brooks, not to actually strike or otherwise make contact with Mr. Brooks.

23. Based on his own health, fitness, and experience lifting weights, Mr. Dockstader reasonably believed and expected that he could and would swing the weight in Mr. Brooks's direction without actually striking Mr. Brooks.

24. When swinging the weight in Mr. Brooks's direction, Mr. Dockstader failed to properly perceive or calculate the distance between himself and Mr. Brooks.

25. Due to a combination of misperceptions and miscalculations, Mr. Dockstader unintentionally struck Mr. Brooks with the weight.

26. Mr. Dockstader had a duty to act as a reasonably careful person would have acted in similar circumstances.

27. Mr. Dockstader breached his duty by, among other things, failing to walk away from Mr. Brooks, and failing to swing the weight in a way that prevented impact with Mr. Brooks.

28. Mr. Dockstader's breach of his duty of care proximately caused the weight to strike Mr. Brooks, which proximately caused Mr. Brooks to sustain a permanent traumatic brain injury.

## SECOND CAUSE OF ACTION
### (In the alternative, Assault and Battery)

29. Mr. Brooks incorporates paragraphs 1 through 13 of this Complaint as if fully set forth herein.

30. Pleading in the alternative, Mr. Brooks alleges that at the time of the Incident, Mr. Dockstader swung the weight at Mr. Brooks with the intent of striking Mr. Brooks with the weight.

4820-8840-2226 v5

31. Pleading in the alternative, Mr. Brooks alleges that Mr. Dockstader acted with intent to cause harmful or offensive contact with Mr. Brooks.

32. Pleading in the alternative, Mr. Brooks alleges that as a result of Mr. Dockstader's violence, Mr. Brooks was put in imminent apprehension of harm.

33. Pleading in the alternative, Mr. Brooks alleges that Mr. Dockstader's conduct, as described above, manifests an unprivileged striking of one person by another, done with the intent of bringing about contact that is harmful

34. The dumbbell swung by Mr. Dockstader made contact with Mr. Brooks' head and proximately caused Mr. Brooks to sustain a permanent traumatic brain injury.

35. Pleading in the alternative, Mr. Brooks alleges that Mr. Dockstader is liable to Mr. Brooks for damages for assault and battery in an amount to be subject to proof at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. On Plaintiff's First Cause of Action, a monetary award sufficient to compensate Thomas Brooks for the following categories of damages:

    a. General damages for personal injury, including acute and permanent mental and physical, pain, suffering, mental anguish, and emotional distress;

    b. General damages for the loss of enjoyment of life;

    c. Special damages for the past, present, and future costs of medical treatment;

    d. Special damages for past lost wages and loss of earning capacity;

2. In the alternative, on Plaintiff's Second Cause of Action, a monetary award sufficient to compensate Thomas Brooks for the following categories of damages:

a. General damages for personal injury, including acute and permanent mental and physical, pain, suffering, mental anguish, and emotional distress;

b. General damages for the loss of enjoyment of life;

c. Special damages for the past, present, and future costs of medical treatment;

d. Special damages for past lost wages and loss of earning capacity;

3. Plaintiff's costs in this action;

4. Prejudgment interest on special damages actually incurred under Utah Code § 78B-5-824;

5. Postjudgment interest under Utah Code § 15-1-4; and

6. Such other and further relief as the Court deems equitable and just.

## DISCOVERY TIER

The special and general damages described above total more than $300,000 and qualify this matter for standard discovery as described for Tier 3.  *See* Utah R. Civ. P. 26(c)(3).

## JURY DEMAND

Pursuant to Rule 38(b) of the Utah Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on any issues triable of right by jury.

DATED this 6th day of February, 2017.

PARSONS BEHLE & LATIMER

*/s/ Richard E. Mrazik*
Richard E. Mrazik
Grace S. Pusavat

*Attorneys for Plaintiff Thomas Brooks*