# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **OWNERS INSURANCE COMPANY,** <br><br> Plaintiff, <br><br> vs. <br><br> **JACOB TAYLOR DOCKSTADER,** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:18CV173DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Defendant Jacob Taylor Dockstader's Motion to Dismiss. On August 1, 2018, the court held a hearing on the motion. At the hearing, Plaintiff Owners Insurance Company was represented by Anna Nelson and Marianne Schumann, and Defendant Dockstader was represented by William E. Frazier. After hearing argument, the court took the matter under advisement. The court has considered the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motions. Now being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

On October 14, 2014, Defendant Jacob Taylor Dockstader struck Thomas Brooks in the head with a dumbbell at Deseret Palms Health & Fitness Club in St. George, Utah. The blow left Brooks unconscious and bleeding from his head. Brooks was transported to the hospital, where he underwent emergency surgery and remained hospitalized for a week. The State of Utah charged Dockstader with aggravated assault. On July 15, 2015, after a bench trial, a state court

judge found Dockstader guilty of aggravated assault, a second-degree felony. Dockstader was sentenced on August 25, 2015.

On February 6, 2017, Brooks brought a civil lawsuit against Dockstader in Fifth Judicial District Court for Washington County, Utah, seeking more than $300,000 in damages in connection with the incident that allegedly left Brooks disabled with a permanent traumatic brain injury. Brooks' state court action against Dockstader originally alleged two alternative causes of action: (1) negligence and (2) assault and battery. Brooks' Complaint alleged the facts involved in the incident and then alleged, alternatively, that Dockstader either negligently struck him with the dumbbell due to a misjudgment about the distances involved or that he intentionally hit him with the dumbbell.

On March 1, 2017, Dockstader demanded that Plaintiff Owners Insurance Company defend and indemnify Dockstader from Brooks' civil suit under an insurance policy Owners issued to Dockstader's parents. On February 28, 2018, Owners filed the Complaint in this case, seeking a declaratory judgment that Owners has no duty to defend or indemnify Dockstader from the claims presented in Brooks' civil state court action. The Complaint alleges that Dockstader's assault on Brooks was not an "occurrence" covered by the policy. In addition, Owners' alleges that Dockstader's assault, which was previously alleged and proven against Dockstader in the felony case against him, was excluded under the policy's exclusionary clause. Finally, Owners asserts in its Complaint that it has no duty to defend Dockstader in Brooks' suit against him because the claims are not covered by the policy. As exhibits to the Complaint, Owners attached a copy of the docket in the state criminal case against Dockstader and a copy of the Complaint in Brooks' state civil action.

On April 10, 2018, the court in Brooks' state civil action dismissed the assault and battery cause of action with prejudice based on a stipulation by the parties. Therefore, the only remaining claim in the state civil action is the negligence claim.

## DISCUSSION

### Dockstader's Motion to Dismiss

Dockstader seeks dismissal of Owners' Complaint, arguing that Owners' Complaint for declaratory judgment is based entirely on the claims brought in Brooks' state civil action and an exclusion in the insurance policy for injury that is "reasonably expected or intended by the insured." Dockstader contends that the only allegations in the state court action supporting Owners' claims that it has no duty to defend or indemnify were in relation to the assault and battery cause of action, which the parties to the state court action stipulated to have dismissed. However, Owners argues that Dockstader's motion to dismiss ignores the allegations in Owners' Complaint and erroneously asserts that the entire basis for the Complaint is the allegations against Dockstader in the state civil action.

Owners' Complaint alleges that because Dockstader was convicted of aggravated assault in connection with the events giving rise to the underlying action, he is not entitled to coverage under the insurance policy at issue. Where an insurance policy makes the duty to defend or indemnify conditional on "whether the claim or suit was 'covered' by the policy," the court must consider evidence outside the allegations of the underlying complaint to determine coverage. *Fire Ins. Exch. v. Estate of Therkelsen*, 2001 UT 48, ¶ 24, 27 P.3d 555. "[A] court cannot limit its analysis of the duty to defend to the face of the complaint when the plain language of the policy directs otherwise." *Equine Assisted Growth & Learning Ass'n v. Carolina Cas. Ins. Co.*,

3

2011 UT 49, ¶ 21, 266 P.3d 733.  The issue of whether the court's evaluation should include extrinsic evidence "hinges on the particular contractual terms of the insurance policy defining the scope of the duty to defend and the duty to indemnify."  *Fire Ins. Exch.*, 2001 UT 48, ¶ 22.

      In this case, Owners' Complaint sets out the determinative contractual language from the policy at issue.  The policy indicates that it provides indemnification for damages "arising out of bodily injury or property damage caused by an occurrence to which this coverage applies."  Compl. ¶ 16.  The policy similarly provides that the insurer will defend only against claims or suits for "damages covered by this policy."  *Id.*  Under those provisions, the insured is only entitled to defense or indemnification if the damages are, objectively speaking, covered by the policy.  Damage claims, under the policy, are only covered if they were caused by an "occurrence," which is defined in the policy as "an accident."  *Id.* ¶ 16-17.

      Owners' contends that if the objective facts show that the underlying event was not accidental, the policy provides no coverage for that event regardless of whether the claim is stated in negligence or intentional tort.  Owners asserts that it adequately alleges conduct giving rise to the underlying action that is not covered by the insurance policy as a matter of objective fact.

      The Complaint clearly alleges that Dockstader was tried and found guilty of aggravated assault, a second-degree felony, for the events giving rise to the underlying action.  Dockstader does not now contend that the underlying action is based on anything other than the same conduct for which he was found to have committed an intentional felony assault.  Under Utah law, the adequacy of the Complaint does not depend solely on the allegations made in the underling action.

4

Dockstader contends that the court must accept the allegations in the underlying state court action over the allegations in Owners' Complaint because the complaint in the state civil action is an exhibit to Owner's Complaint in this action. "[I]f there is any dispute between the allegations in the complaint and the content of [an] attached exhibit, the exhibit controls. *Brokers' Choice of Am. Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1101 (10th Cir. 2017). Although this case law states that the terms of an exhibit to a complaint control over the allegations of the complaint, such case law is intended to apply in situations where a party may misconstrue or attempt to characterize terms in a document when making allegations regarding the document in its Complaint. The case law merely stands for the proposition that the document speaks for itself. The use of such case law in the present situation is without merit. Moreover, in this case, Owners' Complaint also attaches the docket in the criminal action as an exhibit. Under Dockstader's arguments, that criminal docket would also control over the allegations of Owners' Complaint.

The court concludes that the Owners' Complaint is adequate because it contains clear allegations of every element needed for declaratory relief: (1) the insurance policy does not cover intentional conduct; (2) coverage under the policy is only available where the events giving rise to the suit were accidental as a matter of objective fact; and (3) Dockstader's actions which gave rise to the underlying action were intentional and non-accidental as demonstrated by his conviction for aggravated assault. The Complaint gives notice of the nature of the action, states a cause of action recognized by law, and provides adequate facts supporting that cause of action. Therefore, the court concludes that there are no grounds for dismissal of the Complaint.

As a final argument, Dockstader contends that the case should be dismissed or Owners

should be required to amend its Complaint because Owners has not attached the actual policy as an exhibit to its Complaint. The court is unaware of any case law requiring a party to attach exhibits or face dismissal. Owners has alleged the terms of the insurance policy in good faith. The parties can exchange documents under the appropriate rules of discovery. If the allegations regarding the terms are not accurate, the parties can move upon such inconsistencies at that time. However, the court cannot conclude that the mere failure to attach an exhibit is a proper basis for dismissing the action or requiring Owners to amend.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is DENIED.

DATED this 28th day of August, 2018.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge