# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **OWNERS INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>vs.<br><br>**JACOB TAYLOR DOCKSTADER,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18CV173DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Owner Insurance Company's Motion for Summary Judgment on Intervenor Thomas Brooks' Third Party Complaint. The motion is fully briefed. The court, however, does not believe that a hearing on the motion would significantly aid in the court's determination of the motion. The court has considered the memoranda and materials submitted by the parties, as well as the law and facts relating to the motion. Now being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

The court has provided the factual background of this case in previous orders. On October 14, 2014, Defendant Jacob Taylor Dockstader hit Thomas Brooks in the head with a 15-pound dumbbell at Desert Palms Health & Fitness Club in St. George, Utah. The blow left Brooks unconscious and bleeding from his head. Brooks was transported to the hospital, where he underwent emergency surgery and remained hospitalized for a week. The State of Utah charged Dockstader with felony aggravated assault, Utah Code Ann. §§ 76-5-102, 76-5-103(1).

On July 15, 2015, the state criminal case was tried to the bench and the judge found Dockstader guilty of aggravated assault, a second-degree felony.

On February 6, 2017, Brooks sued Dockstader in Utah state court, alleging negligence and assault and battery and seeking damages in connection with the October 14, 2014 incident. Dockstader demanded that Plaintiff Owners Insurance Company defend and indemnify him from Brooks' civil suit under a homeowners insurance policy Owners issued to Dockstader's parents, Policy No. 48-819-745-00. Owners hired counsel and provided Dockstader with a defense to that suit.

On February 1, 2018, Owners sent Dockstader a reservation of rights letter raising issues with regard to coverage under the Policy. On February 28, 2018, Owners filed the Complaint in this case, seeking a declaratory judgment that Owners has no duty to defend or indemnify Dockstader from the claims presented in Brooks' civil state court action. The Complaint alleged that Dockstader's assault on Brooks was not an "occurrence" covered by the policy because it was not an accident and that Owners had no duty to defend Dockstader in Brooks' lawsuit because the claims were not covered by the policy. Owners, however, continued to provide Dockstader with a defense under a full reservation of rights.

On April 10, 2018, the parties in the state civil action stipulated to dismissal of Brooks' assault and battery cause of action. Based on the parties' stipulation to dismiss the intentional tort claim, Dockstader attempted to have Owners' declaratory judgment action in this court dismissed. However, on August 27, 2018, this court denied Dockstader's motion to dismiss. In the state court action, Owners rejected Brooks' three settlement demands for the Policy's $500,000 limit because this action regarding coverage was still pending. On September 25,

2018, Brooks and Dockstader entered into a stipulated judgment and an assignment of Dockstader's claims against Owners, including a bad faith claim for refusal to settle within the policy limits.

Brooks intervened in the present case on November 2, 2018, and filed a Third-Party Complaint against Owners on November 5, 2018. At the time, Owners had a pending motion for summary judgment on its declaratory judgment claims. The court granted several extensions of time in the briefing of that motion so that Brooks would have adequate time to oppose the motion.

On March 14, 2019, the court granted Owners' Motion for Summary Judgment, holding that Owners had no duty to defend or indemnify Dockstader under the Policy for Brooks' civil suit because Dockstader's actions were not an accident under Utah law. Because the parties had briefed and argued issues relating to bad faith and the timing of Owners' reservation of rights letter, the court also addressed those issues. The court found that there was no basis for a bad faith claim for refusal to settle a claim while the declaratory judgment action was pending regarding coverage and that there was no procedural problem with Owners providing a defense of the Brooks' civil action before sending a reservation of rights letter. Based on these findings, Owners filed the present motion for summary judgment on Brooks' Third-Party Complaint.

## DISCUSSION

### Owners' Motion for Summary Judgment

Owners argues that the court's findings in its March 14, 2019 Memorandum Decision and Order effectively resolves the allegations of Brooks' Third-Party Complaint in favor of Owners. Brooks, however, argues that the court's findings were dicta, the court's ruling on coverage does

not determine the bad faith claims, and the evidence Brooks has gathered shows that Owners acted unreasonably and breached its fiduciary duties to Dockstader.

It is clear in the record of this case that the bad faith claim and issue regarding the timing of the reservation of rights letter were briefed and argued by the parties. In Brooks' opposition to Owners' prior Motion for Summary Judgment, Brooks made the same legal arguments that he makes in opposition to the present motion for summary judgment–the timing of Owners' tender of defense and reservation of rights letter, Owners' failure to investigate and accept the policy limit settlement demands, the fact that bad faith and breach of fiduciary duty claims were independent of coverage. Once a litigant presents an issue for decision, that litigant cannot "persuasively profess surprise that a court would address the issues it presents for decision – or would later decline to consider additional supplemental arguments on those same issues that the litigant could have but failed to present the first time around." *Entek GRB, LLC v. Stull Ranches*, 840 F.3d 1239, 1242 (10th Cir. 2016).

Both parties previously presented legal and factual arguments on the issues again raised by Brooks. It should come as no surprise that the court believes that the briefing, argument, and decision on those issues in relation to the prior motion and memorandum decision and order is sufficient. Brooks was fully heard on the issue before the court's prior ruling.

Brooks contends that the ruling was done before adequate discovery occurred. However, that issue was also raised and ruled on in the court's prior decision. The court's March 14, 2019 Memorandum Decision and Order stated that Dockstader and Brooks contend that Brooks' claim for breach of fiduciary duty is independent of coverage and Owners' motion should be delayed or denied pending discovery. The court, however, denied that request because Brooks did not

4

properly file a motion or affidavit under Rule 56(d) of the Federal Rules of Civil Procedure. The court had given Brooks several extensions of time to respond fully to Owners' prior summary judgment motion because Brooks had recently obtained an assignment of Dockstader's claims against Owners and intervened in the case. However, Brooks' recent intervention in the case did not excuse his failure to comply with Rule 56(d)'s requirements. Such failure did not give the court any proper basis for delaying its ruling on the issues before the court.

Brooks makes much of how early the motion Owners' motion was brought, but he makes such arguments only in relation to his presence in the case. Brooks fails to recognize how advanced the case was when he intervened. Brooks intervened in the lawsuit having been assigned Dockstader's claims against Owners. "An assignment of an interest in a contract gives the assignee the same rights as the assignor and nothing more." *Jack B. Parson Companies v. Nield*, 751 P.2d 1131, 1133 (Utah 1988). The court granted Brooks extensions to respond to the pending motion for summary judgment. But if he needed additional discovery in response to the prior motion, he should have complied with Rule 56(d).

Brooks' opposition to the present motion for summary judgment also fails to identify relevant facts that could come out in additional discovery that would make a difference to the court's prior ruling on the bad faith and breach of fiduciary duty claims. Brooks' opposition largely turns on his dispute as to the law and facts that would already be within his control. Brooks fails to recognize that Utah law specifically recommends that an insurance company act in the manner Owners' acted in this case. As the court explained in its previous decision, under Utah law, when "the insurance carrier is uncertain over insurance coverage for the underlying claim, the proper course is for the insurance carrier to tender a defense and seek declaratory

5

judgment as to coverage under the policy." *Summerhaze Co., L.C. v. Fed. Deposit Ins. Corp.*, 2014 UT 28, ¶ 38 n.89, 332 P.3d 908, 921 n.89. Although Brooks continues to claim that Owners placed its interests above Dockstader's by refusing to pay Brooks' settlement demands for the policy limits, Owners was acting in accordance with the Utah Supreme Court's recommendations in filing a declaratory judgment action. And, while the declaratory judgment action was pending and Owners' obligations to defend and indemnify Dockstader were unclear, there could be no basis for a bad faith claim for refusal to accept a policy-limit settlement demand. None of the case law Brooks cites establishes a duty for an insurance company to pay out policy limits in a situation where coverage is debated and a declaratory judgment action is pending.

Brooks also claims that Owners' should have done more investigation into the facts of Dockstader's underlying criminal case before filing the declaratory judgment action. But, Owners' had a criminal conviction and the transcripts of the criminal trial which both demonstrated that coverage under the Policy was in question. Brook cites to no legal requirement under Utah that would mandate a fuller investigation before the filing of a declaratory judgment action. Brooks goes so far as to claim that Owners should have interviewed the state court judge in the criminal case before filing its declaratory judgment action. There is no such requirement under Utah law.

Brooks further argues that there is a question of fact as to whether Owners' one-year delay in providing a reservation of rights letter was unreasonable. In the court's prior decision on this issue, the court relied on the Utah Supreme Court's recognition that "the insurer is entitled to a reasonable time to investigate the facts. However, the insurer is required to act seasonably in

disclaiming liability, and it cannot delay its decision so long that the insured's rights are prejudiced thereby." *State Farm Mut. Auto. Ins. v. Kay*, 487 P.2d 852, 855 (1971). The court's previous ruling further explained that there is no set time frame for an insurer to disclaim coverage, but there was no evidence in this case that Owners acted unseasonably. Moreover, the court specifically noted that neither Dockstader nor Brooks claim that they have been prejudiced by the timing of Owners' reservation of rights letter. Owners never withdrew its defense of Dockstader in Brooks' civil suit.

However, Brooks now claims that there is a question of fact as to whether Dockstader was prejudiced by the delay. This argument ignores the fact that at the time of the previous motion for summary judgment, both Dockstader and Brooks had ample opportunity to raise the prejudice they had suffered–something that would be in their direct knowledge–or file a Rule 56(d) affidavit regarding the information they needed to obtain before the issue could be addressed. Neither party demonstrated any prejudice or sought any additional information at that time.

The Utah Supreme Court has emphasized that the essential factor in determining prejudice is whether the insured "was deprived, by the conduct of [the insured] of an opportunity to prepare an adequate defense before trial or in the alternative to effect a settlement with [the plaintiff]." *State Farm Mut. Auto Ins. v. Kay*, 487 P.2d 852, 855 (Utah 1971), *overruled on other grounds by Farmers Ins. Exch. v. Call*, 712 P.2d 231 (Utah 1985). Brooks argues that Dockstader was prejudiced in Brooks' civil suit by losing the opportunity to effect an early settlement within the policy limits, not having the ability to control settlement negotiations, and not having the ability to assume, manage, and control his own defense. But these types of

7

arguments were rejected by the Utah Supreme Court in *Kay*. *Id.* at 854-56. Moreover, when Owners' issued the reservation of rights letter, there was not yet even a trial date scheduled in Brooks' civil suit. Dockstader hired his own lawyer, who represented him at his deposition and obviously began independent settlement negotiations. Dockstader and Brooks settled Brooks' suit before this court ruled on Owners' original motion for summary judgment. As such, Dockstader could have identified how he was prejudiced in the prior briefing, but neither he nor Brooks did so. In addition, Brooks' assignment puts him in Dockstader's shoes and Brooks did not file a Rule 56(d) affidavit specifically identifying any discovery still necessary on the issue. The court continues to believe that there is no basis for a claim that Owners' alleged delay in issuing a reservation of rights letter prejudiced Dockstader. Furthermore, Brooks has not identified what material facts that are not in his or Dockstader's possession could change the analysis in this case. Therefore, the court concludes that there is no basis for revisiting that ruling.

## CONCLUSION

Based on the above reasoning, Plaintiff Owners Insurance Company's Motion for Summary Judgment on Intervenor Thomas Brooks' Third-Party Complaint [Docket No. 60] is GRANTED.

DATED this 3rd day of October, 2019.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

8